UNITED STATES of America,
Plaintiff–Appellee,

v.

Lester Marion MOFFET, Defendant–
Appellant.

No. 00–30216.

D.C. No. CR–99–00121–EJL.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 15, 2001.

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2).

Before REAVLEY,** B. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM ***

Appellant Lester Moffet raises three issues on appeal challenging his conviction and sentence. We affirm.

■ Moffet argues that the evidence was insufficient to show that he acted with an intent to defraud. He was convicted of passing a false and fictitious instrument under 18 U.S.C. § 514(a)(2), which by its terms requires an intent to defraud.

The evidence was sufficient. Intent to defraud can be inferred from circumstantial evidence; it need not be specifically admitted or confessed. *See United States v. Walls,* 577 F.2d 690, 696 n. 7 (9th Cir. 1978). Intent may be inferred from the defendant's statements and conduct, *see United States v. Zemek,* 634 F.2d 1159, 1180 (9th Cir.1980), and we have held that the scheme itself can constitute probative circumstantial evidence of an intent to defraud, *see United States v. Plache,* 913 F.2d 1375, 1381 (9th Cir.1990). In this case, a rational jury could have found the requisite intent beyond a reasonable doubt, based on evidence that Moffet created and presented a totally fictitious and worthless financial document to the car dealership for the purpose of obtaining two vehicles without paying for them, and that he presented supporting documents and statements as a part of this scheme.

■ Moffet next complains that the district court erred in denying his motion for continuance. Since Moffet has failed to explain what the new witness and documents would add to his defense, and has failed to identify what prejudice he suffered as a result of the denial of a continuance, the district court did not abuse its discretion in denying Moffet's motion. *See, e.g., United States v. Gonzalez–Rincon,* 36 F.3d 859, 865–66 (9th Cir.1994). Although Moffet suggests that expert testimony might have lent support to his claim that he lacked requisite intent, he does not establish that he had an expert witness who was ready and willing to testify, and he fails to explain how such an expert could have been used to prove his own state of mind.

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9TH CIR. R. 36–3.

Moffet lastly complains that the district court imposed a fine on him as punishment for exercising his constitutional right to a jury trial. The basis of this claim is a statement made by the district court at the sentencing hearing that it " is going to impose a fine in the amount of $4,000, which is the bottom end of the Guidelines, but nevertheless will partly repay the taxpayers for the cost and burden of this needless litigation."

"An accused may not be subjected to more severe punishment for exercising his constitutional right to stand trial." *United States v. Carter*, 804 F.2d 508, 513 (9th Cir.1986). In this case, however, Moffet did not receive a higher fine because he insisted on his right to a jury trial. On the contrary, the district court correctly noted that it was imposing the minimum sentence allowed by the Guidelines. The Sentencing Guidelines provide that the court "*shall* impose a fine in all cases, except where the defendant establishes that he is unable to pay ...." U.S.S.G. § 5E1.2(a) (emphasis added). Moffet does not argue that he established an inability to pay. For Moffet's offense level of 14, *see* presentence report at ¶ 23, the calculation of which Moffet does not challenge on appeal, the minimum fine is $4,000. U.S.S.G. § 5E1.2(c)(3). Since Moffet received the minimum fine allowed by the guidelines, the district court did not penalize him for exercising his right to go to trial.

AFFIRMED.